**Sixth Circuit**—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

**Presiding Justice,** William R. Day of Ohio, Justice of Supreme Court.

**Circuit Judges**—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

**Clerk**—Arthur B. Mussman, Cincinnati.

**Deputy Clerk**—Frank A. Hight, Federal Building, Cincinnati.

**Terms,** at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

This Term began October 2, 1922.

### RULES OF COURT
#### Return Days

All appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day.

#### Briefs

Counsel for defendant in error or appellee before the first day of the term if the clerk deliver to him a printed record of the case 60 days before the first day of such term; or 20 days if the record is delivered not less than 80 days before the first day of such terms, and in all other cases 15 days after receipt of such printed record, within the same time such counsel shall give to counsel of defendant in error or appellee five printed copies of such brief.

Counsel for defendant in error or appellee are to file twenty copies of his brief 30 days before the case is called for hearing and give five copies to the counsel for plaintiff in error or appellant.

## No. 109
### TUG LINE v. STEAMSHIP LINE, L.
U. S. Circuit Court of Appeals, Sixth Circuit,
No. 3630.

For full opinion, see 281 Fed. 779.

TOWAGE—(1) Responsibility for movement — (2) Presumption of receipt of letter—(3) Addressee's error—(4) Express assent to tariff—(5) Contract limit of liability.

Appeal from District Court, N. D. Ohio, E. D.

DENNISON, C. J.

#### Epitomized Opinion

A steamship without steam called a tug to tow it to dock. The tug company had been, by decree of Federal Court, ordered to publish tariffs, which it had done; the liability for damages caused by the tug company was $100 per day; copies of this had been mailed to steamship company's office, but last copy mailed had not been seen by officers. High rate of liability was provided upon payment of higher rate for services. The tug in placing ship ran it into the dock and damaged it. Tug was libeled for damages claimed at $300 per day while being repaired. Judgment was entered for $300 per day by trial court. Court of Appeals held:

1. The sole responsibility for safety of ship being towed is on tug, unless special contract to contrary.

2. On proof of mailing of letter the presumption was that it was delivered, and it takes clear evidence to overcome presumption, and under the facts it must be presumed that pamphlet containing rates was received.

3. The responsibility of addressee of a written notice cannot be avoided by showing that its general office, when it was received, sent it to the wrong department.

4. The decree ordering a uniform rate must be given effect, and the steamship company is bound, by the limit of liability of $100 per day, it being presumed that it had knowledge of decree, and that it received the properly addressed letter.

Attorneys—Thomas H. Gray, Proctor & Advocates, Cleveland, for appellant; Theodore C. Robinson, Cleveland, for appellee.

## No. 110
### DAYTON BRONZE BEARING CO. v. GILLIGAN
U. S. Circuit Court of Appeals, Sixth Circuit
No. 3643.

For full opinion see 281 Fed. Rep. 709.

INTERNAL REVENUE—(1) Appeal and Error— (2) Failure of corporation to make timely return for munitions tax—(3) Penalties imposed only for substantial delinquencies—(4) Statutes—construction of, by administrative department.

DONAHUE, C. J.

#### Epitomized Opinion

This is an action by the Bronze Bearing Co. to recover certain munitions taxes and penalties erroneously assessed by and paid to Gilligan, Internal Revenue Collector. The Bronze Bearing Co. contracted with a munitions company to mold materials, furnished by the latter, into castings which were to be used in the manufacture of munitions. The Bearing Co. believed that it was not engaged in the manufacture of munitions and was not liable to the payment of tax under the Munitions Tax Act of September 8, 1916. Being advised by reputable legal counsel to this effect, the Bearing Co. neglected to file a return. July 13, 1917, by advice of Gilligan, the Bearing Co. did file a return, although later than the time specified by statute, under protest, without prejudice to its rights, and was assessed $4,860, plus 50 per cent penalty, which it paid.

Held:

1. Where no question of sufficiency of evidence is raised and no exception taken by defendant to judgment, the only question for review is whether satisfactory proof of allegations of the petition entitles plaintiff to judgment.

2. A corporation believing in good faith, on reasonable grounds and after taking advice of reputable counsel that it was not liable for munitions tax assessed and collected after making a voluntary return, without prejudice, may recover such tax and penalty.

3. Courts will not impose more than a nominal penalty where the violation is merely technical.

4. The construction placed upon a statute by the department, charged with the enforcement thereof, should be given due consideration, regardless of the length of time such construction has been adopted and enforced.

Attorneys—A. W. Schulman, Dayton, for the Bearing Co.; R. T. Dickerson, Pros., for Gilligan.